# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| JESSICA MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15 CV 137 |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION and ORDER

On September 17, 2011, plaintiff Jessica Martinez was the passenger in a vehicle that was involved in an accident. The vehicle was owned and operated by Carmen Gutierrez, who was the named insured in an automobile insurance policy issued by defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Gutierrez's vehicle was rear-ended by another vehicle, the driver of which was insured by Safeway. Safeway paid plaintiff the policy liability limit of $20,000. Gutierrez's policy with State Farm provides underinsured motorist benefits up to $100,000, and plaintiff has sued State Farm for breach of contract and bad faith for State Farm's failure to pay plaintiff under the underinsured motorist provision of the insurance contract. (DE # 5.)

State Farm has moved for partial summary judgment against plaintiff on the bad faith claim, only. (DE # 14.) "[S]ummary judgment is appropriate — in fact, is mandated — where there are no disputed issues of material fact and the movant must prevail as a matter of law." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir.

1994) (citations and quotation marks omitted). The pertinent facts are undisputed at this stage, and the issue is simply a matter of interpretation of the law of the State of Indiana, which the parties agree applies in this case.

State Farm argues that plaintiff cannot sue it for bad faith, because under Indiana law, insurers have no duty of good faith to the third-party beneficiaries of insurance contracts. Plaintiff, however, argues that she is an "insured" under the contract, as that term is defined in the section relating to underinsured motorist liability, not a third-party beneficiary, and that she is entitled to sue State Farm for bad faith.

Insurers have a duty to deal in good faith with their insured. *Erie Ins. Co. v. Hickman by Smith,* 622 N.E.2d 515, 518–19 (Ind. 1993). However, under Indiana law, third-party beneficiaries cannot sue an insurer in tort for bad faith. *Cain v. Griffin,* 849 N.E.2d 507, 515 (Ind. 2006). In *Cain,* the Indiana Supreme Court held that a plaintiff, who had slipped and fallen in a restaurant parking lot, could not sue the restaurant's insurer for bad faith, as the plaintiff was a third-party beneficiary of the insurance contract. *Id.* at 510. Though the plaintiff could sue the insurer to enforce the contract, the plaintiff could not sue the insurer for bad faith because the obligation to act in good faith arises not just from the contractual relationship between the insurer and insured, but from the "special relationship" that exists between them. *Id.*

In two later, unpublished cases, the Indiana Court of Appeals adhered to a relatively strict interpretation of *Cain.* In *Blesch v. American General Life Ins.,* No. 82A05–0512–CV–701, 2006 WL 3593491, at *2 (Ind. Ct. App. Dec. 12, 2006), the court

held that a third-party beneficiary of a life insurance contract could not sue for breach of fiduciary duty. Further, in *Cashner v. Western–Southern Life Assurance Co.*, No. 64A04–1311–PL–555, 2014 WL 2918272 (Ind. Ct. App. June 25, 2014), the court found no legal basis for life insurance beneficiaries to sue the insurer for bad faith after the death of the insured.

Recently, Judge Rudy Lozano, sitting in this district, addressed a similar issue, and reiterated the holdings of *Cain, Blesch*, and *Cashner*. *Samaron Corp. v. United of Omaha Life Ins. Co.*, No. 3:12-CV-397, 2014 WL 4906314, at *13-15 (N.D. Ind. Sept. 29, 2014). Judge Lozano reasoned that, "[a]lthough both *Blesch* and *Cashner* were unpublished opinions, these cases, taken together, show unwillingness on the part of Indiana Courts to make exceptions to the Indiana Supreme Court's holding in Cain." *Id.* at *15. *Samaron* involved a company that owned a life insurance policy which listed one of the company's owners as the insured, and the company as the beneficiary. Judge Lozano held that the company, as policy owner and beneficiary, could not sue the insurer for bad faith, because it was not the party with the special relationship necessary to sue for bad faith: "[A]s owner of the policy, Troyer is in privity of contract with United. But privity alone has never been enough in Indiana to substantiate the type of special relationship needed to impose a tort duty to act in good faith." *Id.* (citing *Cain*, 849 N.E.2d at 510).

In this case, plaintiff argues that she is not a third-party beneficiary, because the contract's definition of "insured," for purposes of the section on uninsured/

underinsured motorist coverage, includes "any other person while occupying [the named insured's] car." (DE # 17-1 at 23.) This provision arguably puts plaintiff in privity of contract with defendant, such that she can sue to enforce the terms of the contract. *Cain,* 849 N.E.2d at 510; *Samaron,* 2014 WL 4906314, at *15. However, like the plaintiffs in the cases summarized above, plaintiff is not the named insured in the insurance contract. (*See* DE # 17-1 at 3.) Accordingly, she lacks the "special relationship" necessary to establish a duty on the insurer's part to act towards her in good faith. *Cain*, 849 N.E.2d at 510. For these reasons, State Farm's motion for partial summary judgment (DE # 14) is **GRANTED**.

**SO ORDERED.**

Date: March 31, 2016

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT